Thomas E. Byrne, Jr., of Philadelphia, Pa., for defendant.

## SHELTON v. SEAS SHIPPING CO., Inc.
### Civil Action No. 3175.

District Court, E. D. Pennsylvania.

Jan. 17, 1946.

KENNEDY, District Judge (Assigned).

The above entitled cause is before the Court on motion in behalf of the plaintiff for leave to file an Amended Complaint. The motion is resisted by defendant. The action is one for recovery of damages growing out of personal injuries alleged to have been suffered by Patrick Shelton, a longshoreman, while working on the Steamship Robin Tuxford operated by the defendant company.

The accident occurred December 23, 1942, and the injuries sustained resulted in his death on June 24, 1943. The action has been revived in the name of his Executrix, Laura Shelton.

The original complaint, filed before the death of the original plaintiff, alleges that the injuries to the decedent occurred by reason of the negligence of the defendant. In the amended complaint sought to be filed, not only negligence on the part of the defendant, but failure to provide the decedent with a safe and seaworthy vessel and appliances and to keep the same in a safe and seaworthy condition is alleged.

234

The defendant claims that the motion to amend is not timely and that it is an attempt to bring in an entirely separate and distinct cause of action from that contained in the original complaint. The question is not entirely free from doubt but counsel for plaintiff point to the decision of the third circuit in Sieracki v. Seas Shipping Co., 149 F.2d 98, as a precedent for permitting the recovery to be had on account of the unseaworthiness of the vessel irrespective of negligence. It is impossible to gather from the opinion in that case the particular allegations of the complaint but, from the language of the Court, it seems reasonable to assume that the cause of action was grounded in negligence but that the Appellate Court nevertheless indicated that a recovery was permissible if it were proven that the ship was unseaworthy. In any event, permission to file the amended complaint will put the issues in such shape that they may be effectively disposed of at the trial or at pre-trial conference. It is apparent that the facts alleged are the same whether recovery be sought on account of alleged negligence or on account of the unseaworthiness of the vessel, or both, and this seems theoretically at least to satisfy the requirements of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Counsel suggest that the Sieracki Case is now before the Supreme Court. If so, its decision may tend to clear the atmosphere upon the point involved.

The proposed amendment in addition seeks to add the claim for damages accruing to the personal representative of the deceased as a second cause of action. This question is shrouded in doubt as to whether such an action may be maintained after the injured party has already sued in his own behalf and as to whether the statute of limitations applicable to the case should be applied. The liability if any grows out of the same transaction and it would be preferable to adjust all the claims in one litigation if possible. Under the Federal Rules the question of limitations and laches are made affirmative defenses which, if to be taken advantage of, must be asserted as such. These issues when made up may likewise be more effectively handled by the Court at the trial or at pre-trial conference.

For the reasons stated the motion for leave to file the amended complaint tendered with the motion will be sustained and an order may be entered accordingly and giving the defendant twenty (20) days within which to plead to the amended complaint.