**BELSHIPS COMPANY, Ltd., Appellant,**

v.

**Pedro Jose BILBAO, Appellee.**

**No. 21558.**

United States Court of Appeals
Ninth Circuit.

Feb. 27, 1968.

Graydon S. Staring (argued), of Lillick, McHose, Wheat, Adams & Charles, San Francisco, Cal., for appellant.

Marvin Stender (argued), of Jarvis, Miller & Stender, Partridge, O'Connell, Partridge & Fall, San Francisco, Cal., for appellee.

Before POPE and BROWNING, Circuit Judges, and JAMESON, District Judge.

PER CURIAM:

Appellee, a longshoreman, was injured while unloading Volkswagens from the hold of the S.S. BELVERA. He contended, and the district court found, that the manner in which the cargo was stowed and unloaded created an unreasonable risk of harm to the longshoremen, and rendered the vessel unseaworthy.

Three Volkswagens were stowed bumper to bumper in a line facing the square of the hatch. The front bumper of the Volkswagen nearest the square of the hatch was about three inches from a cable used to support a false deck upon which the cars rested. The rear bumper of the last Volkswagen was within three inches of the skin of the ship. It was therefore impossible to maneuver any one of the three cars out of the line by turning the steering wheel and pushing. Appellee and two other longshoremen attempted to "bounce" the first Volkswagen to the side so that it and the two cars behind it could be rolled to the square of the hatch.

In "bouncing" a car, longshoremen alternately press down and pull up on the bumper, causing the car to bounce on its springs, and simultaneously exert pressure toward the side to which the car is to be moved. The usual procedure would have been for appellee and his two fellow workers to position themselves along the front bumper, one at

each end and one in the center, and move with the car as it bounced to the side, thus keeping the weight directly in front of them. Appellee occupied the middle position, but the presence of the cable made it impossible for him to place himself directly in front of the car or to move with it as it was bounced sideways. Instead, he was forced to stand near the car's right fender and extend his arms as the car was bounced to his right. On the second or third bounce he received the spinal injury which led to this suit.

■■ Appellant concedes that a finding of unseaworthiness is ordinarily one of fact protected on appeal by the clearly erroneous rule. It contends, however, that the district court applied an erroneous legal standard in its determination of unseaworthiness. Appellant points to testimony that it was the usual and customary practice to stow automobiles tightly to prevent shifting at sea, and that "bouncing" was the usual and customary procedure for moving automobiles over or around obstacles during unloading. Appellant concludes th-t the district court must have supposed that a vessel is unseaworthy when no more is shown than that a longshoreman has been injured, even though the occurrence is unexpected and isolated and results from a danger inherent in the work. Cf. Nuzzo v. Rederi, A/S Wallenco, Stockholm, Sweden, 304 F.2d 506 (2d Cir. 1962).

However, we do not read the record as establishing that usual custom and practice sanctioned loading automobiles in such a relationship to an obstacle that longshoremen could not position themselves directly in front of the vehicle, and at the same time failing to provide any means for avoiding the obstacle except "bouncing" which would require the men to exert the necessary force at an angle with their arms extended. We think the testimony of appellee furnished sufficient support for a determination that "bouncing" was an unreasonably hazardous unloading practice with respect to such a stow; and there

was an abundance of evidence that other, reasonably safe, devices (rope slings, forklifts, hydraulic jacks) were commonly employed for this purpose and could have been made available.

It is true that the court's findings might be read as condemning "bouncing" as a method of unloading in any circumstances. However, as we have suggested, the findings are also susceptible of a narrower construction, namely, that employment of this method of unloading on this particular portion of the stow rendered the vessel and her appurtenances not reasonably fit for their intended use. On that basis, we affirm. Cf. Splosna-Plovba v. Garcia, 390 F.2d 41 (9th Cir. Feb. 6, 1968).