**Monroe TAYLOR, Appellant,**

v.

**The SS HELEN LYKES, her engines, tackle, furniture, etc., et al., Appellees.**

**No. 25101.**

United States Court of Appeals Fifth Circuit.

Oct. 31, 1968.

C. S. Carl, New Orleans, La., for appellant.

Benjamin W. Yancey, Maurie D. Yager, New Orleans, La., for appellees. Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., of counsel.

Before COLEMAN and MORGAN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

This appeal involves an action in Admiralty brought by a longshoreman to recover damages for personal injuries sustained while he was at work aboard a merchant vessel, stowing bagged cargo. The district judge rejected the claims of the appellant in detailed findings of fact and conclusions of law and ordered dismissal of the suit. We affirm.

The district court erred, asserts appellant, in not finding the ship unseaworthy because, first, "the plan of operation for stowing cargo was unsafe";[1] and second, "men were substituted for equipment."[2] Construing these contentions with what liberality we may, they just are not applicable here.

---

1. Citing Morales v. City of Galveston, 370 U.S. 165, 82 S.Ct. 1226, 8 L.Ed.2d 412 (1962).

2. Citing, Waldron v. Moore-McCormack, 386 U.S. 724, 87 S.Ct. 1410, 18 L.Ed.2d 482 (1967).

There can, of course, be no dispute that, given the appropriate facts, an improper method of handling cargo would render a vessel unseaworthy. But, where as here, the injury occurred when experienced plaintiff failed to use suitable equipment then available, it cannot be held that there was a "method" or "plan" of loading which was improper. Appellant's reliance on *Waldron,* supra, is misplaced. There, the assignment of insufficient manual assistance constituted the unseaworthy condition. But here, the record is utterly barren of even a suggestion that too few longshoremen were assigned to stow the bags. The case begins and remains a simple one. Appellant and his co-worker took it upon themselves not to make use of available pallet boards as a platform from which to stow the cargo, and not to utilize the manual assistance of other longshoremen then available.

Upon consideration of the record, briefs and argument, it is ordered that the judgment of the district court be and hereby is affirmed on the basis of the findings and conclusions set forth in that court's opinion. 268 F.Supp. 932.