George W. HIGGINBOTHAM, Plaintiff-Appellant,

v.

MOBIL OIL CORPORATION, Defendant-Appellee.

No. 29071.

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1970.

Jack C. Benjamin, John Poitevent, New Orleans, La., for plaintiff-appellant.

George B. Matthews, New Orleans, La., for defendant-appellee.

Before TUTTLE, BELL and AINSWORTH, Circuit Judges.

TUTTLE, Circuit Judge:

The appellant complains of the denial of a motion for permission to amend a "libel and complaint in admiralty." The effect of such denial would be to require the rejection of a personal injury claim of libellant because the claims asserted in the proposed amendment constitute a claim under the Death on the High Seas Act, 46 U.S.C.A. § 761, et seq., as to which the statute itself provides a two-year limitation period. See 46 U.S.C.A. § 763. This court allowed an interlocutory appeal.

According to the libel filed by the decedent, Higginbotham, his trawler, MISS ELLEN, collided with a fixed unlighted steel structure belonging to the Mobil Oil Corporation on the night of June 9, 1965, as the MISS ELLEN, manned by a crew of three, and seaworthy in all respects, was proceeding some sixty miles off the coast of the state of Louisiana. Because of the significance of the reservation of the libellant's "right to amend and supplement this article of the libel, and prove same at the trial of the case," we here quote the entire third article:

"The Trawler MISS ELLEN manned by a crew of three and seaworthy in all respects was proceeding in a westerly direction off the coast of the State of Louisiana in the waters of the Gulf of Mexico on the night of June 9, 1965, as she approached an area where the lights of structures were observed at a distance. It was later ascertained that this was Block 87 of the Ship Shoal Area.

"At approximately 9:00 p. m. on June 9, 1965 there was a lowcast ceiling and it was very dark, when suddenly the MISS ELLEN collided head-on with an unlighted, fixed steel structure that was sounding no horn, siren or whistle signals. Just after the moment of impact the engine of the MISS ELLEN was reversed and it was observed that her bow stem was broken by the impact. It was observed by the crew of the MISS ELLEN that the object that their vessel collided with was unlighted, showing no reflective materials and emitting no sound signals.

"The MISS ELLEN started taking water despite the fact that her pump was put into operation. Fortunately another vessel arrived on the scene and rescued the crew of the MISS ELLEN. The United States Coast Guard was advised of the collision. Later that night it was observed that the unlighted fixed steel structure or platform had some 35-gallon drums stored on it. It was estimated that a lighted platform, No. 87 owned by Mobil Oil Corporation, was eastnortheast of the unlighted structure at a distance of approximately 150 yards.

"Libellant reserves the right to amend and supplement this Article of

the libel and to prove same at the trial of this case."

The libel then alleged in Article IV the specific acts of negligence, and denied any contributory negligence. We quote the entire Article V:

"By reason of the premises, libellant has sustained damages directly attributable to the collision and foundering of the MISS ELLEN, presently estimated to amount to the sum of Fifty Thousand and No/100 ($50,000.00) Dollars.

"Libellant reserves the right to amend this Article to set forth his damages with particularity and to increase his claim if further or additional damages are discovered."

One year later, almost to the day, following the accident, Higgenbotham filed his complaint and libel. Two days later, on June 9, 1966, Higginbotham died. The complaint was served on defendant on June 20, 1966, and the answer was filed on August 12, 1966. Nothing else appears in the record until September 5, 1968, when plaintiff served interrogatories on the defendant. Answers to the interrogatories were filed on October 9, 1968.

On October 25, 1968, decedent's widow, as the duly qualified administratrix of his estate, by and through counsel other than counsel who filed the original complaint, filed her motion to substitute herself as party plaintiff, under the authority of 46 U.S.C.A. § 761, et seq., and to amend the original complaint by supplementing and amending Article V of the original libel to read as follows:

"By reason of the premises, the said George W. Higginbotham sustained damages directly attributable to the collision and the foundering of the Miss Ellen, including damage to his vessel and personal injuries which ultimately resulted in his death."

The amendment alleged proper dependency provisions and then sought to amend by alleging under Article VIII "as a result of the foregoing, plaintiff is entitled to recover for the damage to her deceased husband's vessel, including damages for detention and loss of use; she is entitled to recover damages for the loss of support, contributions and subsistence given to her and her children by the same George W. Higginbotham, and the prospect thereof. * * *" It is also alleged that she was entitled to other losses resulting from his death and that the total amount of said damages, including pain and suffering, totalled $500,000. The proposed amendment also demanded punitive damages in the sum of $500,000.

Upon oral hearing, counsel for the defendant objected to the granting of the motion to file the supplemental and amended complaint, and, following oral argument, the trial court entered an order denying the motion to amend.

Both in the trial court and here, the parties agreed that the issue was whether the libel and complaint contained language broad enough to include a cause of action for personal injuries, as well as property damage, both parties agreeing that unless the language was thus broad, then the trial court properly denied the tendered amendment in view of the fact that by the time the amendment was tendered, seeking recovery under the provisions of the Death on the High Seas Act, the statutory period of two years had expired.

Moreover, both parties, as well as the trial court, recognized the basic principle with respect to the allowing of amendments, whether in admiralty or in other actions in the federal courts. The trial court stated:

"Pleadings should be liberally construed, Beacon Theatres, Inc. v. Westover, 79 S.Ct. 948, 359 U.S. 500, 3 L. Ed.2d 988 (1959); and if the complaint be ambiguous or unclear, it should be construed in a manner most favorable to the pleader. DeWitt v. Paul, 366 F.2d 682 (9th Cir., 1966); Metropolitan Life Insurance Co. v. Fugate, 213 [313] F.2d 788 (5th Cir., 1963). We are aware, as noted in Virgin Islands Corp. v. W. A. Taylor Co., supra [202 F.2d 61], that to dismiss a

complaint on the bare pleadings is a most undesirable way for a defendant to win a victory."

The court also made specific reference to Kelcey v. Tankers Company, Inc., (2 Cir., 1954) 217 F.2d 541, and Gabaree v. Jay Ship Maintenance Corp., (D.C.Pa., 1958) 166 F.Supp. 625.

In neither brief is the rule relating to "relation back of amendments" (Federal Rules of Civil Procedure, Rule 15(c)) referred to. That rule states: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

This rule seems in plain terms to require that an amendment such as was tendered here must be allowed, because the only objection to it seems to have been that without relating back, the conduct asserted in the proposed amendment occurred at such a time that it would be barred if filed as an original complaint. However, as we have stated, appellant does not rely upon this provision of the Federal Rules, insisting rather, that the right to amendment follows upon a construction of the original articles of the complaint in such manner as to comprehend a claim for personal injury.

Upon whatever basis the appellant contends that the amendment should have been allowed, it is clear that both parties dealt with the actual fact that prior to the expiration of the two-year limitation period, counsel for the libellant did actually notify the defendant of a personal injury claim resulting in Higginbotham's death. Efforts were made to work out a settlement of that claim. We comment on this because of the significance given to it in other decisions relating to the right to amend after the particular subject matter of the amendment, if asserted by itself in a new suit, would run afoul a statutory limitation period.

In Kelcey v. Tankers Co., supra, the plaintiff filed a complaint on February 5, 1951, alleging defendant's liability for an attack on plaintiff by a fellow seaman, allegedly occurring in *January, 1949,* on defendant's vessel, MISSION SAN FRANCISCO. At the opening of the trial on December 22, 1953, the trial judge, over defendant's objection, allowed an amendment of the complaint which alleged that the act occurred on defendant's vessel, U.S.N.T. TOMAHAWK on *April 21, 1948.* Such allegation, of course, would have been barred if a libel had been filed on it as of the time of the allowing of the amendment. The Court of Appeals for the Second Circuit said: "The true facts as to the time and place of the assault were known to, or could reasonably have been ascertained by, the defendant, whereas the judge found that plaintiff had suffered from recurrent amnesia, which made it difficult for him to remember the true facts, * * *" The court then said, "Especially as the amendment did the defendant no actual harm, we think the judge ruled correctly in the light of Rule 15(c), 28 U.S.C.A. [this is the rule relating to the relation back of amendments mentioned above]."

In Clinton Gabaree v. Jay Ship Maintenance Corp., the trial court permitted the libellant to amend his complaint and libel by adding an additional charge of unseaworthiness five years after the original complaint had been filed. The trial court held that the original libel spelled out a common law action of negligence, and that the defendants had been sufficiently apprised of the nature of the claim to warrant the granting of the amendment. The court there, too, cited Rule 15(c). The trial court said, "Since defendants knew of the nature of plaintiff's injuries and the details incidental thereto from at least the time the complaint was filed, we believe that this motion to amend should be granted. This is particularly true since Rule 15(a) says that leave to amend "shall be freely given when justice so requires."

It is clear that the defendant here was not prejudiced by its inability to take the testimony of libellant relating to the alleged personal injury, because the record discloses that the original complaint

was not served on the defendant until several days after Higginbotham died, his death having occurred two days after his original filing of the complaint on June 7, 1966.

Moreover, we think that the precise language of the original articles III and V, in both of which the libellant reserved the right to serve subsequent amendments, placed defendant adequately on notice that the amount originally sued for and the amount that could be subsequently added by amendment under the reservation expressed, comprehends any personal injury claims that subsequent inquiry might show were related to the foundering of the trawler MISS ELLEN. It should be noted that Article III undertakes to state the negligent conduct of the defendant and the damaging effect resulting from that alleged negligence. It then provided, "Libellant reserves the right to amend and supplement *this* article of the libel and to prove same at the trial of the case." (Emphasis added).

It is difficult to see how that reservation did not warrant the addition of the simple language which appellee insists should have been contained—that is language that the ship's captain was injured during the collision and foundering and/or rescue of the trawler. Also, the ad damnum paragraph, or article, of the complaint stated, "By reason of the premises, libellant has sustained damages directly attributable to the collision, and foundering of the MISS ELLEN presently estimated to amount to the sum of Fifty Thousand and No/100 ($50,000) Dollars, and then there was added, "Libellant reserves the right to amend this article to set forth his damages with particularity and to increase his claim if further or additional damages are discovered."

The record seems to disclose without dispute that under no circumstances could the value of the hull amount to a figure approaching $50,000. In fact, during the period within which a personal injury claim could have been filed within the statutory period, a claim was made on account of such personal injury.

It seems clear that the rule of liberal construction of pleadings under the Federal Rules, combined with the absence of surprise occasioned by the personal injury claim, brings this amendment fully within the spirit and literal language of the Federal Rules. We, therefore, conclude that it was error for the trial court to deny the appellant's motion to amend.

The judgment is reversed and the case is remanded to the District Court for further proceedings not inconsistent with this opinion.