Michael J. **RYAN**, Plaintiff-Appellee,

v.

**PACIFIC COAST SHIPPING CO.,
LIBERIA**, Defendant-Appellant.

**PACIFIC COAST SHIPPING CO.,
LIBERIA**, Plaintiff-Appellee,

v.

**SCRAP LOADERS, INC.**, Defendant-
Appellant.

Nos. 24934, 24935.

United States Court of Appeals,
Ninth Circuit.

Sept. 8, 1971.

John R. Brooke (argued), Ridgway K. Foley, Jr., of Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for defendant-appellant.

Raymond J. Conboy (argued), of Pozzi, Wilson & Atchison, Ridgway K. Foley, Jr., Portland, Or., for plaintiffs-appellees.

Before KOELSCH, CARTER and WRIGHT, Circuit Judges.

KOELSCH, Circuit Judge.

The appeal in No. 24934 involves a suit by Michael J. Ryan, a "Sieracki sea-

man" (i. e., a longshoreman performing "ships work," Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946)) against Pacific Coast Shipping Co., Liberia, a shipowner, to recover damages for personal injuries resulting from the alleged unseaworthiness of the ship Popeye.

Number 24935 is an appeal in the companion suit brought by Pacific Coast (the shipowner) against the stevedoring company, Scrap Loaders, Inc., to recover "Ryan-permitted" indemnity, (Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) ) for such sum as it may be required to pay out in Ryan's suit. The cases were tried together, without a jury, and in each of them judgment went for the plaintiff.

In the main appeal (i. e., No. 24934) shipowner insists that Ryan's injuries resulted not from any unseaworthiness of the Popeye but instead from a fellow longshoreman's "operational negligence," and hence the judgment must be reversed. Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 91 S.Ct. 514, 27 L. Ed.2d 562 (1971); Tim v. American Pres. Lines, Ltd., 409 F.2d 385 (9th Cir. 1969); Alaska Steamship Co. v. Garcia, 378 F.2d 153 (9th Cir. 1967).

Ryan, on the other hand, denies shipowner's premise; he asserts that unseaworthiness, in the form of an unsafe method of unloading the ship's cargo, constituted the gravamen of the claim as proven and that hence the judgment must be affirmed. Blassingill v. Waterman Steamship Corp., 336 F.2d 367 (9th Cir. 1964); Splosna-Plovba v. Garcia, 390 F.2d 41 (9th Cir. 1968); Belships v. Bilbao, 390 F.2d 642 (9th Cir. 1968).

■ The above decisions clearly reveal that the law in cases such as this is pretty well settled and that generally the real dispute is over the material facts. That is the situation here and, unfortunately for Pacific Coast (and Scrap Loaders), the district court's findings are consistent with Ryan's theory of the case. Thus the findings are:

"6. Crane operator Bono hoisted the load of short steel pipe ten to twelve feet in length weighing four or five tons out of the No. 3 Hatch of the POPEYE and brought the load at an angle and lowering to the gondola car on which plaintiff Ryan was waiting. As it came out of the hold and over to the gondola car, the load of pipe was hung at an angle to the length of the car bed, so that the load would have to be straightened to be deposited by the crane in the bed of the car. Bono did not straighten the load on the ship nor never stopped from the time he started hoisting the load until he hit the car.

7. The crane operator knew the load of steel pipe was crooked from the time it left the hatch and in order to straighten it so it could be deposited in the gondola car, crane operator Bono, using an unsafe manner, carried the boom of the crane over and past the gondola car while lowering the load into the car, so that one end of the load would strike the inner side of the gondola car farthest from the ship and thereby cause the load to turn and straighten.

8. When the end of the load of steel pipe struck the inner side of the gondola car, it caused the gondola car to tip over against the car on the adjoining track, crushing plaintiff Ryan between the cars.

9. Straightening loads of steel or other materials against railroad gondola cars before depositing said loads in the car is a practice which could be used by crane operators, had not been used on this job, and had never been seen by plaintiff Ryan, and is an unsafe and dangerous procedure regardless of the skill of the crane operator. The proper manner of straightening loads is to straighten the load on the

ship or to attach taglines to the load which longshoremen can then use to pull the loads into line with the cars, or to employ longshoremen with pike poles to push the loads into line before bringing them into the car."

They fully warrant the court's conclusion that "1. The unsafe manner of unloading cargo utilized by crane operator Vic Bono rendered the vessel POPEYE unseaworthy"; and they are not, in our judgment, "clearly erroneous."

Bono was "a qualified crane operator" and while it is true that the accident occurred on his first hoist—he had relieved Roberts as operator immediately prior to the accident—several eyewitnesses to the accident gave testimony to the effect that Bono appeared to have deliberately directed the slingload of pipe against the side of the gondola car and this evidence, together with other testimony that to do so would constitute a feasible—albeit an unsafe—way to align pipe to permit its loading, in our estimation, provides support for the trial court's determination on the critical issue of fact.

■ The principal question tendered in Scrap Loaders appeal—No. 24935, the indemnity action by Pacific—is one of law:[1] does an "exclusive remedy" provision in a State Workmen's Compensation Law—here Oregon Revised Statutes 656.018—bar an indemnity claim against the stevedore for breach of the latter's implied covenant of workmanlike performance?[2] We conclude that the answer is "no."

This court has never previously had occasion to decide the question but several other courts of appeal have;[3] and all of them with remarkable unanimity reach the conclusion that an exclusive remedy provision in a State Workmen's Compensation Act affords no bar to a federally based claim for indemnity against a stevedore, regardless of the fact that the stevedore is in full compliance with an applicable state Act.

■ Granted, the "weight of authority" does not necessarily reflect the preponderance of logic, but we are satisfied, upon fully considering the matter, that the reasoning in the cases noted in footnote three is sound and that the rule

---

1. Scrap Loaders, of course, insists that Pacific Coast is not liable to Ryan and notes that reversal of the judgment attacked in that appeal would require like treatment of this judgment.

2. "ORS 656.018 *Effect of providing coverage; exclusive remedy.* (1) Every employer who satisfies the duty required * * * (by other sections of the Act) is relieved of all other liability for compensable injuries to his subject workmen, the workmen's beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries * * * (2) The rights given to a subject workman and his beneficiaries * * * are in lieu of any remedies they might otherwise have for such injuries against the workman's employer under ORS 654.305 to 654.335 or other laws, common law or statute * * *.

3. First Circuit—Feliciano v. Compania Transatlantica Espanola, S.A. 411 F.2d 976 (1969) —Workmen's Compensation Act of Puerto Rico;

Second Circuit—A/S J. Ludwig Mowinckels R. v. Commercial Steve. Co., 256 F.2d 227 (1958)—Workmen's Compensation Act of New York (indemnity agreement express).

Third Circuit—Hagans v. Ellerman & Bucknall Steamship Co., 318 F.2d 563 (1963) Pennsylvania Workmen's Compensation Act.

Fifth Circuit—Burrage v. Flota Mercante Grancolombiana S.A., 431 F.2d 1229 (1970) Louisiana Workmen's Compensation Act.

Seventh Circuit—Bagrowski v. American Export Isbrandtsen Lines, Inc., 440 F.2d 502 (1971) Wisconsin Workmen's Compensation Act.

In several of the circuits there are additional cases; they too reach the same result as those listed.

announced in them is the one to be followed in this circuit.[4]

In sum, we conclude that the judgments in both cases should be affirmed; and that, in addition, in No. 24935, Pacific Coast, pursuant to its request, should be allowed $1,000.00 against Scrap Loaders, Inc., that being a reasonable sum, as a fee for the services of its attorneys on the appeal.

It is so ordered.

---

4. An exposition of these cases appears in Bagrowski v. American Export Isbrandtsen Lines, Inc., the recently decided Seventh Circuit decision.

Their rationale proceeds commonly upon the inescapable fact that a claim for indemnity is maritime in nature and the equally well settled and applicable proposition, implicit in Article 3, Section 2 and Article 1, Section 8, of the Federal Constitution, that "While states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretive decisions of [the Supreme] Court." Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 409–410, 74 S.Ct. 202, 205, 98 L.Ed. 143 (1953).