John **ROBINSON**, Plaintiff-Appellant,

v.

**SHOWA KAIUN K. K.**, Defendant,
**American Commercial Lines, Inc., et al.,**
Defendants-Appellees.

No. 71–2147
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 1971.

E. Howard McCaleb, III, New Orleans, La., for plaintiff-appellant.

Fred E. Salley, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for American Commercial.

Richard J. Meunier, Meunier, Martin & Meunier, New Orleans, La., for Rogers Terminal & Shipping Corp.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge:

Appellant Robinson, a longshoreman, appeals from the granting of the ship owner's motion to dismiss pursuant to F.R.Civ.Pro. 50(a), contending that the district judge's conclusion that appellant's injury did not result from a "condition" of unseaworthiness was in error. We affirm the trial court's order of dismissal.

Robinson, an employee of Rogers Terminal & Shipping Corporation, was in-

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York, 5 Cir. 1970, 431 F.2d 409, Part I.

jured while unloading grain from an unmanned barge owned by appellee American Commercial Lines. Although there are a number of methods that can be used in the opening of the heavy hatch covers, the method employed here was to push them open with a scoop bucket attached to a crane, which was operated by appellant's fellow employee on another barge. The hatch covers were opened by pushing them with the bucket, but without warning to Robinson or to the other longshoremen on the barge. Robinson, who was standing on a hatch cover, lost his balance and injured his arm.

The district court found that the use of the bucket to open the hatch covers was a seaworthy and non-negligent method of operation, and that Robinson's injury was caused exclusively by the negligence of his fellow longshoreman and by his own negligence.[1] The court concluded that Robinson had failed to prove that either negligence or unseaworthiness by American Commercial gave rise to his injury, and dismissed the complaint.

Robinson does not dispute any findings of fact. Rather, he argues that the district judge did not apply the relevant law correctly. All parties are clear that this case is governed by principles explained in Usner v. Luckenbach Overseas Corp., 1971, 400 U.S. 494, 91 S.Ct. 514, 27 L.E.2d 562, reh. denied, 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552. The problems of this case are: (1) whether the district judge read the holding of Usner correctly, and (2) whether Robinson's claim falls within the Usner holding. The critical holding of Usner was:

"A vessel's condition of unseaworthiness might arise from any number of

circumstances. * * * What caused the petitioner's injuries in the present case, however, was not the condition of the ship, her appurtenances, her cargo or her crew, but *the isolated, personal* negligent act of the petitioner's fellow longshoreman."

400 U.S. at 497, 91 S.Ct. at 517, 27 L.Ed. 2d at 567 [emphasis added].

■ Robinson contends that the district judge read *Usner* to hold that the negligence of a longshoreman and his fellow employees can never create a "condition" which would cause a vessel to be unseaworthy; this, Robinson urges, is not what *Usner* held. We agree with Robinson's conclusion regarding what *Usner* did not hold. The negligence of a longshoreman or his fellow longshoremen in loading or unloading cargo *can* create a "condition" that might render a vessel unseaworthy. *See* Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Alaska Steamship Co. v. Petterson, 1954, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798; Mitchell v. Trawler Racer, Inc., 1960, 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941; Gutierrez v. Waterman, S. S. Co., 1963, 373 U.S. 206, 83 S.Ct. 1185, 10 L. Ed.2d 297, reh. denied, 374 U.S. 858, 83 S.Ct. 1863, 10 L.Ed.2d 1082; *cf.* Morales v. City of Galveston, 1962, 370 U.S. 165, 82 S.Ct. 1226, 8 L.Ed.2d 412, reh. denied, 371 U.S. 853, 83 S.Ct. 16, 9 L.Ed. 2d 93. We disagree with Robinson's premise that the district judge read *Usner* otherwise. We read the district court's conclusion of law as stating that the negligence of the longshoreman and his fellow employees *did not* in this case create a "condition" which rendered the vessel unseaworthy.[2]

---

1. The district court found that Robinson himself was negligent in failing to use one of three acceptable methods of securing the hatch pins, which can be fitted or tied into slots to prevent the hatch covers from rolling. As Robinson was attempting to secure the hatch pins in a negligent way, the bucket operated in an independently negligent way by another longshoreman, struck the hatch cover.

2. The conclusion of law in dispute reads as follows:
   "The plaintiff has contended that the negligence of his fellow employees created a condition which caused the vessel to be unseaworthy. This is not the law—and the negligence of plaintiff himself or of his fellow employees will not cause the vessel to be considered

690

■ *Usner* distinguished "instantaneous" unseaworthiness from what might be called "connected" unseaworthiness. A longshoreman or one of his fellows might engage in a *congeries* of negligent acts that are of such a character or that continue for such a length of time that they become related to the status of the vessel. That *congeries* of acts might create a "condition" of unseaworthiness, so that an individual act of negligence within or after the *congeries* might give rise to liability under the unseaworthiness doctrine. However, if the negligent act of a longshoreman is not part of any *congeries* of negligent acts connected to the status of the vessel or to its loading but is rather an isolated "instantaneous" act of negligence within an otherwise seaworthy method of loading on an otherwise seaworthy vessel, then that one act of negligence by the longshoreman or his fellows will not render the vessel unseaworthy. *Compare* Alexander v. Meiji Kaiun K. K., D.C.La. 1961, 195 F.Supp. 831, *aff'd sub nom.* Strachan Shipping Co. v. Alexander, 5 Cir. 1962, 311 F.2d 385, *with* Taylor v. S. S. Helen Lykes, 5 Cir. 1968, 402 F.2d 777, *and* Usner v. Luckenbach Overseas Corp., *supra*. Although the distinction might seem simple to apply on paper, it is quite a difficult line to draw in practice. *See* Usner v. Luckenbach Overseas Corp., *supra* (Harlan, J., dissenting).

■ The trial judge found that the *congeries* of acts that surrounded this injury were neither unseaworthy nor negligent. The method of removing the hatch covers by use of the derrick bucket was proper. Appellant in *Usner* was injured when a fellow longshoreman dropped a sling too far in one pass during an otherwise seaworthy and non-negligent process of unloading. Appellant here was injured when a fellow longshoreman pushed a bucket without giving warning during an otherwise seaworthy and non-negligent process of opening a hatch cover to unload. We

see no substantive difference in the two acts. The push of the bucket in this case was an "isolated, personal negligent act" of the appellant's fellow longshoreman. That act did not render unseaworthy an otherwise seaworthy vessel under the *Usner* doctrine, and the judgment of the trial court is affirmed.

Affirmed.

unseaworthy. Usner v. Luckenbach Overseas Corporation, et al, [400 U.S. 494] 91 S.Ct. 514 [27 L.Ed.2d 562] (1971)."