granted certiorari by the Supreme Court. The Court, 404 U.S. 1035, 92 S.Ct. 713, 30 L.Ed.2d 727 vacated the judgment and remanded the causes for further consideration, in light of the recent decision of Victory Carriers v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971).

Upon due consideration of that decision, we conclude that plaintiff's claim is not one coming within the maritime jurisdiction of the federal courts, and hence the judgment must be vacated and the action dismissed. The matter is remanded to the district court for such disposition.

**Michael J. RYAN, Plaintiff-Appellee,**

v.

**PACIFIC COAST SHIPPING CO., LIBERIA, Defendant-Appellant.**

**PACIFIC COAST SHIPPING CO., LIBERIA, Plaintiff-Appellee,**

v.

**SCRAP LOADERS, INC., Defendant-Appellant.**

**Nos. 24934, 24935.**

United States Court of Appeals, Ninth Circuit.

June 16, 1972.

Before KOELSCH, CARTER and WRIGHT, Circuit Judges.

## ORDER

Following our affirmance 448 F.2d 525, of the district court's judgment for plaintiff, appellant sought and was

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Samuel Joe JACKSON, Defendant-Appellant.**

**No. 72–2140**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 6, 1972.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1,2]

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

2. The sole argument on this appeal urges that we depart from this Circuit's established rule which vests discretion in the trial court to permit the government to attack the defendant's credibility as a witness in his own behalf by showing prior felony convictions.