Thomas **WILLIAMS**, Plaintiff,

v.

The **SHIPPING CORPORATION OF INDIA, LTD.**, Defendant and Third-Party Plaintiff,

v.

**SMITH & KELLY COMPANY**, Third-Party Defendant.

Civ. A. No. 2874.

United States District Court, S. D. Georgia, Savannah Division.

Feb. 5, 1973.

Barnard M. Portman, Smith & Portman, Savannah, Ga., for plaintiff.

Gustave R. Dubus, III, Lawton, Sipple & Chamlee, Savannah, Ga., for defendant and third-party plaintiff.

Malberry Smith, Jr., Corish, Smith, Remler & Moore, Savannah, Ga., for third-party defendant.

## RULING ON DEFENDANT'S MOTION TO STRIKE AMENDMENT AND THE DEMAND FOR A JURY TRIAL

LAWRENCE, Chief Judge.

On October 7, 1971, plaintiff filed an action in admiralty against the Shipping Corporation of India, Ltd. as owner of the motor vessel "VISHVA SIDDHI." Under Rule 9(h), F.R.Civ.P., jurisdiction was expressly predicated upon the general maritime and admiralty laws of the United States. The complaint alleges that while the vessel was tied up at Savannah in October, 1968, plaintiff was injured "due to the unseaworthiness of the "VISHVA SIDDHI" when a portion of the cargo was caused to fall upon him.

Subsequently, the defendant shipowner impleaded the stevedoring company as third-party defendant, claiming idemnity for breach of warranty as to workmanlike service, including failure to take proper precautions to prevent accidents, to provide adequate supervision, to furnish safe working conditions, etc. Liberty Mutual Insurance Company which paid compensation to the plaintiff under the Longshoremen's and Harborworker's Compensation Act was permitted to intervene and to file a complaint seeking from The Shipping Corporation of India, Ltd. the amount of $16,481.51.

Considerable discovery took place late in 1972. The case was assigned for trial on November 1st. A week before the trial plaintiff filed an amendment. In addition to the admiralty jurisdiction the ground of diversity of citizenship was pleaded. Negligence by the shipowner was alleged in not providing competent and careful officers; in directing and permitting the work aboard the vessel to continue in an unsafe manner when inspection would have disclosed that plaintiff was placed in an unsafe condition; failing to inspect the methods used and to warn plaintiff of the dangerous condition and failure of the vessel to provide safe and effective means for the proper performance of the work.

Shipping Corporation of India has moved to strike the amendment on the ground that no demand for a jury trial was timely made and that plaintiff "elected the distinctively maritime procedures of this Court where trial by jury is not available." Defendant further asserts that it is unduly prejudiced by the negligence claim which comes four years after the accident, more than a year after filing of the complaint and that it involves a completely new theory of liability which will require expense, time and difficulty to investigate.

The shipowner also contends that the applicable three-year statute of limitations (Jones Act) is a bar to any action against it on the negligence claim. The limitations argument can be disposed of without much difficulty. Rule 15(c) provides that an amendment relates back when the claim therein arose out of the "conduct, transaction, or occurrence set forth . . . in the original pleading." The alleged negligent acts of the ship's officers plainly arise out of the occurrence initially pleaded, namely, the injury to the longshoreman on the vessel. It is not a distinct and unrelated transaction but is an amplification of the cause of the injury originally pleaded. The statute of limitations is not applicable under these circumstances. See Tiller v. Atlantic Coast Line Railroad Co., 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465; Higginbotham v. Mobil Oil Corporation, 436 F.2d 8 (5th Cir.); Barthel v. Stamm, 145 F.2d 487, 491 (5 Cir.); Shelton v. Seas Shipping Co., Inc., D.C., 7 F.R.D. 233; Blair et al. v. Durham, 134 F.2d 729 (6th Cir.); 3 Moore's Federal Practice § 15.15[2], [3].

I am little impressed by defendant's contention that it did not investigate the possibility of negligence by the ship's officers. Surely, when an action for injury is predicated on unseaworthiness of a vessel the knowledge and actions or non-action of the officers in respect to

the claim will ordinarily be investigated. Nor am I moved by the argument that defendant's counsel have not been able to interview these nationals of India and that they may no longer be in the employ of the shipowner or capable of being located. This action is against Shipping Corporation of India and not its liability insurer.

Defendant says that the amendment should be stricken because it is clearly unable "to meet the tendered issue at this stage." What about now? More than three months have passed since the amendment was filed. It would be interesting to learn what efforts have been made during that period to locate the ship's officers.

But the Court cannot overlook the fact that plaintiff waited until a week before trial to amend. If that right is granted, we will be nearly as far away from trial as we were this time last year. Counsel asserts that he did not learn of the existence of a negligence basis for a claim until discovery. As long ago as December, 1971, plaintiff was on notice that Smith & Kelly Company, third-party defendant, claimed that his injuries, if not solely caused by plaintiff's negligence, "were caused or contributed to by the negligence of Defendant Shipowner . . . ." See paragraph 13 of Answer to Third-Party Complaint. Now, fourteen months later plaintiff would have us start discovery all over in respect to the negligence issue raised in the amendment.[1]

In an Order handed down today in Anderson v. American Oil Company (C.A.No. 2795) I dealt at some length with the right of a plaintiff to obtain a jury trial by changing the ground of jurisdiction to diversity after a prior 9(h) election of admiralty. I repeat what was said there. Admiralty jurisdiction is not exclusive where the action is *in personam*. If diversity of citizenship and proper jurisdictional amount exist, suit on a maritime claim may be brought at law in the federal courts with the right to a jury trial. Johnson v. Venezuelan Line Steamship Company, D.C., 314 F.Supp. 1403, 1405–1406; 7A Moore's Federal Practice and Procedure § .59[3]; 2 C.J.S. Admiralty § 216, p. 340. In the instant case, however, plaintiff expressly identified the claim as being brought under the general admiralty and maritime jurisdiction. Where a plaintiff in a maritime tort case bases jurisdiction both on admiralty and on diversity grounds but identifies the claim as one in admiralty, in accordance with Rule 9(h), his demand for a jury will be stricken. Americana of Puerto Rico, Inc. v. Transocean Tankers Corporation et al., D.C., 317 F.Supp. 798, 1970 A.M. C. 422. In discussing that decision another district court has said that "The court reasoned that plaintiff had made his election to use Rule 9(h) and therefore must abide by the rule he chose." Alaska Barite Company v. Freighters, Incorporated, D.C., 54 F.R.D. 192, 194.

However, resort to Rule 9(h) is not a point of no return for the plaintiff. "The pleader's identification of his claim as an admiralty or maritime claim or his failure to do so is not an irrevocable election." Federal Practice and Procedure, Wright and Miller § 1314, p. 455; Notes of Advisory Committee on Rules for the 1966 Amendment; Johnson and Starnes v. Penrod Drilling Company, 469 F.2d 897 (5th Cir., 11/21/1972). See also Mazzella v. Pan Oceanica A/S Panama, D.C., 232 F.Supp. 29. The language of the Rule demonstrates as much. "The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15." See McCrary v. Seatrain Lines, Inc., 469 F.2d 666 (9th Cir.).

It is important to note at this point that plaintiff's amendment of October, 1972, does not withdraw the original admiralty basis of jurisdiction of this Court. It merely adds diversity as another ground thereof. The language is "That *further* jurisdiction is based on diversity of citizenship . . . ."

---

1. Two depositions which were taken on October 4th have still not been transcribed.

**630**

(italics added). We thus have the identical situation existing in *Transocean Tankers, supra*—a reliance on both admiralty and diversity jurisdiction and 9(h) election. In such a case the demand for a jury trial must be stricken. See also in this connection 9 Federal Practice and Procedure, Wright and Miller, § 2315.

 I return to the matter of the allowance of the amendment adding a negligence basis of liability. Motions to amend pleadings are addressed to the sound discretion of the trial court. Failure to grant same is ordinarily not reversible error. But discretion must not be abused and the refusal to permit an amendment must have a justifying reason. See In Re Westec Corporation, 434 F.2d 195 (5th Cir.); P.S.G. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 417 F.2d 659 (9th Cir.), cert. den. 397 U.S. 918, 90 S.Ct. 924, 25 L.Ed.2d 99; Hale v. Ralston Purina Company, 432 F.2d 156 (8th Cir.); Sackett v. Beaman, 399 F.2d 884 (9th Cir.); 3 Moore's Federal Practice § 15.08[4]; 6 Federal Practice and Procedure, Wright and Miller, § 1487.

 I find cause for dismissing the amendment in the lapse of time since the injury; the considerable interval between the original suit and the amendment; possible resulting prejudice to the defendant, and the indefinite delay in trial that allowance of the amendment will produce.

 I mention one other consideration. Negligence of a stevedoring contractor in its methods of unloading can render a ship unseaworthy. See Splosna-Plovba v. Garcia, 390 F.2d 41 (9th Cir.); Ryan v. Pacific Coast Shipping Co., 448 F.2d 525, 526 (9th Cir.);

Robinson v. Showa Kaiun K. K., 451 F. 2d 688 (5th Cir.). However, " 'Instant unseaworthiness' resulting from 'operational negligence' of the stevedoring contractor is not a basis for recovery by an injured longshoreman." Luckenbach Overseas Corporation v. Usner, 413 F.2d 984 (5th Cir.), aff'd 400 U.S. 494, 91 S. Ct. 514, 27 L.Ed.2d 562 (1971). I gather from the record on discovery that the alleged negligence by Smith & Kelly was customary faulty practices in unloading jute cargo without using blocks to keep rear rolls from shifting as front ones are removed. No negligent stowage is involved. Should the trial reveal that the stevedoring methods used were unsafe and that it proximately caused the injury, the knowledge, action or inaction of the ship's officers is really not material. The shipowner would be liable by reason of the unseaworthiness of the vessel no matter what they did or did not do. On the other hand, if the practices of the stevedoring company did not make the vessel unseaworthy, it is hard to see how the alleged dereliction of the officers is really relevant.

 To be sure, "liability based upon unseaworthiness is wholly distinct from liability based upon negligence." *Usner, supra*, 400 U.S. 499, 91 S.Ct. 517. It has been held that where ship's officers see or have ample time to observe unsafe stevedoring operations the shipowner can be guilty of negligence. La Capria v. Compagnie Maritime Belge, D.C., 286 F.Supp. 980; aff'd. as to such holding in 427 F.2d 244 (2nd Cir.). Under the amendment, the plaintiff could recover on the theory of negligence as well as of unseaworthiness if such claims are supported by the evidence. However, in the ambience of things, I do not see how plaintiff can really be prejudiced by not allowing his amendment.[2]

---

2. On the other hand, the stevedoring contractor could be prejudiced by disallowance. A finding of active negligence by the shipowner could affect its right to reimbursement from the stevedoring company on the theory of breach of warranty of workmanlike service. See Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). I add by way of a further parenthetical comment that an amendment to the Longshoremen's and Harbor Workers' Compensation Act approved last November makes drastic

The defendant's motion to dismiss plaintiff's amendment and jury demand is therefore granted. This case will be given an early assignment for trial.

changes as to the right of an injured longshoreman to sue the vessel and in respect to the shipowner's right to obtain reimbursement from the stevedoring contractor for any resulting loss. See 41 L.W. 188. A longshoreman is no longer entitled to proceed against the vessel under the doctrine of warranty of seaworthiness. He now possesses an action only for the negligence of the vessel or shipowner. The latter is no longer able to transfer to the stevedore the loss or expense sustained by him in such an action. The Act proscribes agreements or warranties under which a stevedore assumes the responsibility of the vessel. The legislation marks the demise of the sixteen-year-old *Ryan* doctrine. For a useful analysis of it see H. Terry Keenan, "Federal Longshoremen's and Harbor Workers' Act, Demise of the Third Party Action—the Ordeal of Change," Risk Management (December, 1972, pp. 15ff.