**C. C. SANDERLIN, Plaintiff,**

v.

**OLD DOMINION STEVEDORING CORPORATION, Defendant.**

**Civ. A. No. 8647.**

United States District Court
E. D. Virginia,
Norfolk Division.

Feb. 6, 1968.

Sidney H. Kelsey, Norfolk, Va., for plaintiff.

Walter B. Martin, Jr., Norfolk, Va., for defendant.

## MEMORANDUM ORDER

KELLAM, District Judge.

On March 2, 1966, plaintiff filed his libel in admiralty against defendant alleging that he was employed in maritime employment for duties necessary to the loading and discharging of vessels; that defendant is engaged in maritime employment, and was so engaged at the time of the happening of the events set out in the complaint. Process was duly issued and served on defendant, which filed its exceptions to the libel upon the ground that no cause of action was stated in admiralty. The District Court sustained the defendant's contention. Upon appeal, the Court of Appeals for the Fourth Circuit reversed 385 F.2d 79 (decided October 26, 1967) saying that plaintiff "may maintain a suit in admiralty to recover on that warranty" (meaning express warranty in stevedoring contract between shipping agency and stevedoring company). Thereafter defendant answered admitting that at time of happening of the events which are the basis of the suit, plaintiff was employed in maritime employment.

On January 12, 1968, defendant by letter requested a jury trial. Plaintiff opposes such request.

Effective July 1, 1966, new integrated rules were promulgated making admiralty subject to the Federal Rules of Civil Procedure, except when specifically declared inapplicable or otherwise provided for in the Supplemental Rules for Certain Admiralty and Maritime Claims. In many respects, existing admiralty practices were retained.

Subdivision (h) to Rule 9 was added effective July 1, 1966, which in substance provided that a complaint "setting forth a claim for relief within the admiralty and maritime jurisdiction * * * may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules * * * 38(e) * * * and the Supplemental Rules for Certain Admiralty and Maritime Claims." Also added at the same time was subparagraph (e) of Rule 38. Rule 38 is titled "JURY TRIAL OF RIGHT" and subparagraph (e) provides:

> (e) ADMIRALTY AND MARITIME CLAIMS. These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

In Volume 2B, Federal Practice and Procedure, Barron & Holtzoff, Page 9, Section 871 of the 1967 pocket part, in discussing the above, the author says:

> The merger of civil and admiralty procedure in 1966 does not affect the right to jury trial. If the only basis for jurisdiction is that the case is an admiralty case, there is no right to a jury. If jurisdiction can alternatively be based on a federal question, or on diversity and the necessary jurisdictional amount, either party may demand a jury trial unless plaintiff has chosen to identify the claim as an admiralty or maritime claim, as permitted by Rule 9(h). If he exercises that option Rule 38(e) provides that there is no right to trial by jury.

The same author in the same Volume and pocket part at Page 12, Section 872, says:

> There is no right to jury trial, except as expressly provided by Congress, in actions on the admiralty side of the federal court.

The above is supported by Moore's Federal Practice. See Volume 7A, Second Edition, Page 417, Section .59, subparagraph (3). See also article in Georgetown Law Journal, Volume 54, No. 4, Summer 1966, by Leavenworth Colby on Admiralty Unification and Admiralty Procedure, Page 1261, where he says the New Rule 38(e) "preserves for admiralty and maritime cases the plaintiff's right to foreclose a demand by defendant for jury trial." To the same effect is an article by Lloyd M. Tweedt in 1967 Proceedings, American Bar Association, Section of Insurance, Negligence and Compensation Law, Page 233, at Page 235.

In the case of Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720, the Court held that where a seaman brought his Jones Act claim at law, where he is entitled to trial by jury, and combined with it his claim for maintenance and cure, the maintenance and cure claim must likewise be submitted to the jury when both arise out of one set of facts. Among the reasons stated was "only one trier of fact should be used for the trial of what is essentially one law suit to settle one claim split conceptually into separate parts because of historical developments." Congress has directed that the seaman is entitled to have a jury try his Jones Act claim. The Court pointed out that no "statute of Congress or Rule of Procedure, Civil or Admiralty" forbade a jury trial in maritime cases. *Fitzgerald* was decided June 10, 1963. Since that time the Rules have been amended (amended February 1966, effective July 1, 1966). Rule 38(e) as amended says that the rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h). The Federal Rules of Civil Procedure are prescribed by the Supreme Court pursuant to Title 28, §§ 2071 and 2072. They do not become effective until 90 days after they have been reported to Congress (must be submitted not later than May 1st of a Regular Session) and provide that all laws in conflict with such Rules shall be of no further force or effect after the Rules take effect. Inasmuch as the 1966 amendments above referred to were prescribed and became effective after the decision in the *Fitzgerald* case, it would seem to establish that the right to trial by jury in admiralty or maritime cases does not exist, anything to the contrary in *Fitzgerald* notwithstanding.

Hence, the defendant's motion for trial by jury is denied.