**ALASKA BARITE COMPANY, a partnership, Plaintiff,**

v.

**FREIGHTERS INCORPORATED, a corporation, Defendant.**

**No. C–71 1483.**

United States District Court,
N. D. California.

Jan. 20, 1972.

John E. Droeger, Hall, Henry, Oliver & McReavy, San Francisco, Cal., for plaintiff.

Law Offices of Joseph L. Alioto, Joseph L. Alioto, Joseph M. Alioto, Richard Saveri, Brian M. O'Dea, San Francisco, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER

OLIVER J. CARTER, Chief Judge.

The motions before the Court have raised questions concerning the effect of unification of the civil and admiralty practices. Plaintiff filed this action as an admiralty claim under Federal Rule of Civil Procedure 9(h) for defendant's breach of an alleged contract of affreightment. Defendant has filed a permissive counterclaim under F.R.C.P. 13(b) requesting a jury and charging plaintiff with violation of the antitrust laws. The motions before this Court are to dismiss defendant's counterclaim and deny the request for a jury. The basic question presented is whether the pre-unification admiralty practice of trial before the court without a jury has been preserved in F.R.C.P. 9(h) or whether the antitrust counterclaim necessitates a jury trial. A secondary question concerns the propriety of antitrust counterclaims.

## RULES 9(h) AND 38(e) AND THE RIGHT TO A JURY TRIAL

■ Rule 9(h) was added to the Federal Rules as part of the unification of the admiralty and civil practices in 1966. The Advisory Committee Note of 1966 to Subdivision (h) stated that "[i]t is no part of the purpose of unification to inject a right to jury trial into those admiralty cases in which that right is not provided by statute." Rule 9(h) ties into Rule 38(e) where the admiralty practice of trials before the court without a jury is preserved. The purpose of Rule 9(h) is to allow the moving party who could either bring suit under admiralty or civil law to clearly elect which form of proceeding he chooses. The defendant has not challenged the propriety of characterizing the breach of the alleged contract of affreightment as being within admiralty under Rule 9(h). (And see 7a Moore's Federal Practice ¶.245).

There have been very few cases since the unification of the procedural rules which have raised the question of Rules 9(h) and 38(e)'s effect on the right to jury trial. With the exception of maritime claims where jury trials are statutorily created such as under the Jones Act, 46 U.S.C. 688, Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), the courts have held that Rule 9(h) was meant to preserve the admiralty non-jury practice. See: Sanderlin v. Old Dominion Stevedoring, 281 F.Supp. 1015 (S.D.Va. 1968); Americana of Puerto Rico Inc. v. Transocean Tankers Corp., 317 F. Supp. 798 (D.C.Puerto Rico 1969); Cateora v. British Atlantic Assurance, Limited, of Nassau, 282 F.Supp. 167 (S.D.Tex.1968); McCann v. Falgout Boat Co., 44 F.R.D. 34 (S.D.Tex.1968). At least three distinct rationales for denying jury requests in actions under Rule 9(h) have been developed in these cases by the district court judges.

In Sanderlin, supra, the court decided that the 1966 changes in the Rules superseded the Supreme Court's decision in Fitzgerald v. United States Lines, supra. In Fitzgerald the court had held that when a seaman joins traditional admiralty claims such as maintenance and cure with a claim under the Jones Act with its right to a jury trial, that the whole case must be tried before a jury. The court in Sanderlin implied that since the 1966 rules change came after Fitzgerald and that since the rules change had to be "prescribed" by the Supreme Court pursuant to 28 U.S.C. §§ 2071–2072, that the Supreme Court had changed its position as to jury trials in admiralty cases. Whether this interpretation is correct or whether Jones Act cases are an exception to Rules 9(h) and 38(e), as plaintiff argues, is immaterial here since there is no Jones Act claim.

Plaintiff's claim that Rule 9(h) entitles him to a non-jury trial is supported further by the court's decision in the Transocean Tankers case, supra. In that case the court rejected the plaintiff's request for a jury trial after he had brought suit under Rule 9(h). The court reasoned that plaintiff had made his election to use Rule 9(h) and therefore must abide by the rule he chose. Although a different rationale was used by the court in the case of McCann v. Falgout Boat Co., supra, the result was the same.

In McCann the court stated in part that because Rule 38(e) was silent as to the propriety of retaining the old admiralty practice of requiring non-jury trials, the old practice must have been retained. Although the three courts used different rationales, the result has been the same; Rule 9(h) when properly elected prevents either party having a jury trial.

Defendant's rejoinder is that a jury trial is part of the congressional plan for effective enforcement of the antitrust laws. Defendant primarily relies on the Supreme Court's opinion in Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). See

also Mach-Tronics Inc. v. Zirpoli, 316 F. 2d 820 (9th Cir. 1963). In *Beacon* the Supreme Court ruled that defendant's antitrust counterclaim must be tried before a jury. The question arose because the plaintiff, anticipating defendant's claim, came into court first, seeking declaratory relief and an injunction against the defendant. The Supreme Court in effect said that it would be unfair to allow the true defendant to deprive the true plaintiff of his right to a jury trial just because the true defendant won the race to the courthouse. The situation before this Court is significantly different.

Here there are actually two separate areas of dispute unlike *Beacon Theatres*. Plaintiff has alleged a breach of contract while defendant has made a counterclaim alleging a violation of antitrust laws. The admiralty contract claim was brought first. To allow defendant to defeat plaintiff's right to a non-jury trial under Rules 9(h) and 38(e) would create an easy method for all defendants in admiralty to get out from under the retained admiralty practices. This Court does not believe that the rights invoked by making an election under Rule 9(h) were meant to be negated whenever a defendant makes a counterclaim outside of admiralty. The plaintiff has properly made an election to use Rule 9(h) and therefore he has the right to a non-jury trial.

## MIXED JURY WITH NON–JURY TRIAL

Defendant has suggested that it would be possible to have plaintiff's claim tried before the Court while defendant's claims were being tried before a jury. However, the Court believes that this procedure would make the trial unwieldy and would potentially be confusing to both triers of fact. Therefore the Court in its discretion rejects this suggestion.

## THE MOTION TO DISMISS THE COUNTERCLAIM

Federal Rule of Civil Procedure 13(b) allows claims against an opposing party on any occurrence not arising out of the occurrence which is the subject matter of the original claim. This antitrust counterclaim comes within Rule 13(b). Plaintiff argues that in the past the Supreme Court has not approved of antitrust counterclaims citing Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959) and Bruce's Juices v. American Can Co., 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947). However, those decisions mainly dealt with the defense of illegality based on alleged antitrust violations. The Supreme Court said that using antitrust violations as a defense would be an improper extension of the antitrust laws. The defense of illegality is only proper where the trial court would otherwise become a party to enforcing a contract which violates the antitrust laws. *Bruce's Juices, supra,* at 755, 67 S.Ct. 1015. These decisions do not deal with antitrust counterclaims. To bar such counterclaims on the basis of these decisions would be an extension of these decisions in the face of the clear legislative policy of Rule 13(b) to encourage counterclaims as a matter of judicial economy.

The Supreme Court has allowed antitrust counterclaims in patent infringement cases. Mercoid Corp. v. Mid-Continent Inv. Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944). However plaintiff claims that patent cases are an exception to a rule which disfavors antitrust counterclaims. Yet plaintiff's theory is not supported by the court's language in *Mercoid* or *Beacon Theatres, supra.* In both cases antitrust counterclaims were allowed without discussion of any limitation on their use.

Beginning in 1966 Rule 13's coverage was extended to admiralty cases.[1] No-

---

1. Plaintiff has cited the decision in United States v. Isthmian Steamship Co., 359

U.S. 314, 79 S.Ct. 857, 3 L.Ed.2d 845 (1959) for the proposition that permis-

where does Rule 13 state that antitrust counterclaims are to be excluded or treated with suspicion. Therefore since Rule 13(b) now applies in admiralty cases and since this claim under the antitrust laws meets the jurisdictional requirements for a counterclaim, the motion to dismiss the counterclaim must be denied. See: Brown Paper Mill Co. v. Agar Mfg. Corp., 1 F.R.D. 579 (S.D.N.Y.1941).

■ Having said this, the Court is troubled by the grave constitutional issues raised if defendant is denied a jury trial on its counterclaim. Therefore, in the Court's discretion and to avoid prejudice to the defendant and unnecessary delay to the plaintiff in getting to trial, the Court is ordering a separate jury trial on the counterclaim, pursuant to the power created in F.R.C.P. 13(i) and 42(b). Institutional Drug Distributors v. Yankwich, 249 F.2d 566 (9th Cir. 1957); Fischer & Porter Co. v. Sheffield Corp., 31 F.R.D. 534 (D.Del.1962).

Accordingly, and for the reasons discussed in the body of this memorandum opinion

It is ordered that plaintiff's motion to dismiss the counterclaim be, and the same is hereby denied;

It is further ordered that defendant's request for a jury trial on plaintiff's admiralty claim under Rule 9(h) be, and the same is hereby denied; and

It is further ordered that pursuant to Federal Rules of Civil Procedure 42(b) and 13(i) the defendant's counterclaim be tried separately before a jury following the non-jury trial of plaintiff's admiralty claim.

sive counterclaims to admiralty actions are improper. However that opinion was written before the unification of the rules and now appears to have been superseded by the unification of the rules. In that opinion, the court refused to speculate as to the effect Rule 13 would have on the propriety of permissive counterclaims because Rule 13 did not apply in an admiralty action. With the unification of the rules it appears that Rule 13 now applies to admiralty actions.