Jewell S. **ANDERSON**, Plaintiff,

v.

The **AMERICAN OIL COMPANY OF BALTIMORE, MARYLAND**, and the Amoco Shipping Company of Wilmington, Delaware, Defendants.

**Civ. A. No. 2795.**

United States District Court,
S. D. Georgia,
Savannah Division.

Feb. 5, 1973.

J. Stephen Lewis, John M. Tatum, Savannah, Ga. (Miller, Beckmann & Simpson), Savannah, Ga. for plaintiff.

Walter C. Hartridge, Edwin D. Robb, Jr., Savannah, Ga. (Bouhan, Williams & Levy), Savannah, Ga., for defendants.

## ORDER ON JURY TRIAL

LAWRENCE, Chief Judge.

On December 6th this Court ruled upon defendants' motion for summary judgment. It was granted as to the first count which was predicated on the alleged unseaworthiness of the "Amoco Virginia." The motion was denied as to the second count which was based on the negligence of the shipowner in failing to furnish a safe place to work to the deceased pipefitter during the course of major repairs to the vessel.

Prior to that ruling plaintiff's counsel wrote to the Court raising the question of the right to a jury trial. He proposed to obtain such, despite lack of a timely demand, by amending the complaint so as to withdraw the admiralty claim as the basis of jurisdiction and to substitute diversity of citizenship as the ground thereof. As the complaint now stands the sole basis of the Court's jurisdiction of the litigation is as an admiralty and maritime matter. Defendants object to plaintiff's proposed procedure. While no amendment has been formally presented, the point has been orally argued and a ruling is in order.

Rule 9(h) F.R.Civ.P. provides that a complaint setting forth a claim for relief which is within the admiralty jurisdiction as well as jurisdiction founded on some other ground may identify the claim as one in admiralty for the purposes of Rules 14(c), 38(e), 82 and the

Supplemental Rules for Certain Admiralty and Maritime Claims.[1]

 Admiralty jurisdiction is not exclusive where the action is *in personam*. If diversity of citizenship and proper jurisdictional amount exist, suit on a maritime claim may be brought at law in the federal courts with the right to a jury trial. Johnson v. Venezuelan Line Steamship Company, D.C., 314 F. Supp. 1403, 1405–1406; 7A Moore's Federal Practice and Procedure § .59[3]; 2 C.J.S. Admiralty § 216, p. 340. However, in the instant case the plaintiff expressly identified the claim as one brought under the admiralty and maritime jurisdiction. Under Rule 9(h) in the present state of the pleadings the right to a jury trial is precluded. Where the plaintiff in a maritime tort case bases jurisdiction both on admiralty and diveristy grounds but identifies the claim as one in admiralty under Rule 9(h) his demand for a jury will be stricken. Americana of Puerto Rico, Inc. v. Transocean Tankers Corporation et al., D.C., 317 F.Supp. 798, 1970 A.M.C. 422. In that case there was apparently no attempt by plaintiff to amend the complaint by withdrawing the admiralty claim and basing jurisdiction on diversity. Counsel for defendants suggests that the rationale of *Transocean Tankers* is that the plaintiff's election to take the 9(h) route is irrevocable and that once he so fixes his course he has irremeably embarked upon it. In discussing that decision another district court has said that "The court reasoned that plaintiff had made his election to use Rule 9(h) and therefore must abide by the rule he chose." Alaska Barite Company v. Freighters, Incorporated, D.C., 54 F.R.D. 192, 194.

In Wright and Miller, 9 Federal Practice and Procedure § 2315, p. 96, it is stated: "If jurisdiction can alternatively be based on a federal question, or on diversity and the necessary jurisdictional amount, either party may demand a jury trial unless plaintiff has chosen to identify the claim as an admiralty or maritime claim, as permitted by Rule 9(h). If plaintiff exercises that option there will ordinarily be no jury trial."[2]

However, resort to Rule 9(h) is not a point of no return for a plaintiff. "The pleader's identification of his claim as an admiralty or maritime claim or his failure to do so is not an irrevocable election." Federal Practice and Procedure, Wright and Miller § 1314, p. 455. See also Mazzella v. Pan Oceanica A/S Panama, D.C., 232 F.Supp. 29. The language of the Rule shows as much. "The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15." See in this connection McCrary v. Seatrain Lines, Inc., 469 F.2d 666 (9th Cir.).

 Rule 15 provides that after responsive pleadings are filed a pleading may be amended only by leave of court (or consent) and that such leave shall be freely given when justice so requires. Under Rule 38(b) where a party has a right to a jury trial he may demand same within ten days after service of the last pleading directed to such issue. When equitable relief is sought and no jury trial is demanded it is held that a plaintiff may make same after an amendment abandoning injunctive relief and suing for a money judgment only. Bereslavsky v. Caffey, 161 F.2d 499 (2nd Cir.); Bereslavsky v. Kloeb, 162 F.2d 862 (6th Cir.), cert. den. 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393. For a

1. Rule 38(e) of the Federal Rules of Civil Procedure provides that they shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

2. Practically the same language appears in 2B Federal Practice and Procedure, Barron

and Holtzoff, § 871 (p. 1, 1969 pocket part). It was quoted in Sanderlin v. Old Dominion Stevedoring Corporation, D.C. 281 F.Supp. 1015, 1017. The Barron and Holtzoff treatise was combined in 1972 with Wright and Miller, Federal Practice and Procedure.

discussion of these cases see 5 Moore's Federal Practice, § 38.41, p. 328.4.

 Motions to amend pleadings are addressed to the sound discretion of the trial court. Failure to grant same is ordinarily not reversible error. But discretion must not be abused and the refusal to permit an amendment must have a justifying reason. See In re Westec Corporation, 434 F.2d 195 (5th Cir.); PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 417 F.2d 659 (9th Cir.), cert. den. 397 U.S. 918, 90 S.Ct. 924, 25 L. Ed.2d 99; Hale v. Ralston Purina Company, 432 F.2d 156 (8th Cir.); Sackett v. Beaman, 399 F.2d 884 (9th Cir.); 3 Moore's Federal Practice § 15.08[4]; 6 Federal Practice and Procedure, Wright and Miller, § 1487.

 Plaintiff points out that a major factor in allowing an amendment is existence of prejudice to the defendant, bad faith or undue delay. This is true. Withdrawal of the admiralty basis of jurisdiction here will not result in prejudice to the other side. Of course, it will mean trying the case to a jury rather than the court but I do not regard this as a valid ground of objection. The proposed amendment will have no effect upon the dominant issue—negligence. Trial of the case either as an admiralty or as a diversity action will involve application of the same substantive law. No appreciable delay in the trial is entailed. The initial 9(h) election by plaintiff has not affected what the parties have or have not done up to this point. She has obtained no unfair advantage weighing against allowance of the amendment. If the election had not been made, the common law action (jurisdictionally predicated on diversity) could have been heard by a jury on both the negligence and the warranty of seaworthiness claims. Pope & Talbot, Incorporated v. Hawn, 346 U.S. 406, 74 S. Ct. 202, 98 L.Ed. 143.

However, things are not that one-sided. Plaintiff's election to identify the case as one in admiralty was a deliberate one. Now, more than a year and a half later she seeks to withdraw it. A jury trial could have been originally demanded and was not. The proposed amendment introduces no new issue and its purpose is purely tactical. The eroding effect on Rule 9(h) of permitting amendments in such a case cannot be overlooked. Such considerations strongly address themselves to discretion.

Neither counsel nor court have been able to put our fingers on a case just like this one. I am unsure as to the proper rule. If I refuse to permit amendment and the concomitant right to a jury trial and the higher Court, after a non-jury trial, should later tell me that I was wrong, we would have to start out all over.[3] An escape from the dilemma may be the empaneling of an advisory jury under Rule 39(c) which applies to all civil cases not triable of right by a jury. In the long run, such solution may prove judicially economical.

If plaintiff desires to amend so as to restrict jurisdiction solely to diversity of citizenship (28 U.S.C. § 1332) instead of admiralty jurisdiction (§ 1333), leave to do so will be granted. However, the accompanying demand for a jury trial, as a matter of right, will be denied on discretionary grounds. I will give further consideration to the empaneling of an advisory jury. If no jurisdictional amendment is offered, plaintiff is not entitled to a jury trial. She shall have fifteen days in which to file an amendment.

3. Possibly mandamus by the Fifth Circuit lies in such a case. See Western Geophysical Company of America, Inc. v. Bolt Associates, Inc., 2 Cir., 440 F.2d 765, 769; 9 Federal Practice and Procedure, Wright and Miller, § 2322.