### Shawn MILES, Plaintiff,

v.

### M/V HANSA CALEDONIA, her engines, boilers, tackle, etc., in rem, and Schiffahrts–Gesellschaft "Hansa Caledonia" MBH & Co. KG., owner of the M/V Hansa Caledonia, Defendants.

### No. 402CV078.

United States District Court, S.D. Georgia, Savannah Division.

Aug. 20, 2002.

Edwin D. Robb, Jr., Bouhan, Williams & Levy, LLP, Savannah, GA, for Plaintiff.

David F. Sipple, Marc Gordon Marling, Hunter, Maclean, Exley & Dunn, Savannah, GA, for Defendants.

### *ORDER*

EDENFIELD, District Judge.

### I. *BACKGROUND*

In this *in rem* admiralty, *in personam* diversity case, defendant M/V Hansa Caledonia and its owner, Schiffahrts–Gesellschaft "Hansa Caledonia" MBH and Co. KG (Schiffahrts),[1] move to strike plaintiff

1. This defendant notes that it was misnamed in the original caption, doc. # 17 at 1, and Miles does not dispute this. The correct caption therefore appears above, and all subsequent filings shall conform.

Shawn Miles's jury trial demand. Doc. ## 11, 17. Miles, a stevedore foreman injured aboard the vessel, brings one common-law negligence claim against both vessel and owner on a joint and several liability theory. Doc. # 4 ¶ 16.

However, plaintiff wants to simultaneously try his *in rem* claim (against the vessel) to the bench and his at-law (*in personam*) claim to a jury. Doc. # 4 ¶ 16; # 13 at 6, 10. Alternatively, he reasons, the Court "could empanel an advisory jury in both components of the action." Doc. # 13 at 6.

Defendants say Miles waived his jury trial right by invoking admiralty jurisdiction and designating his claim under F.R.Civ.P. 9(h), notwithstanding concurrent diversity jurisdiction. Doc. # 12 at 4. "[B]ecause the [C]ourt must in any event make findings of fact and conclusions of law," they further contend, "the use of an advisory jury will not result in any savings of judicial resources." Doc. # 16 at 5–6. Both sides cite diverging case law.

## II. *ANALYSIS*

In federal district courts plaintiffs can bring actions that sound in equity, in law, or both. Their choice affects their Seventh Amendment right to a jury trial. Claims sounding under common law often fetch a jury trial; equity and admiralty claims typically go to the bench. *See* 9 WRIGHT & MILLER: FED. PRAC. & PROC. § 2315, *Admiralty And Maritime Cases* (1995).

Sometimes plaintiffs are vague about whether they advance claims within the equity (admiralty) or "at-law" side of the court. Miles is not. Against Schiffahrts he seeks a jury trial from the "law" side of this Court. Against the vessel he seeks a bench trial under the admiralty/equity side. Doc. # 4 ¶ 16 (citing F.R.Civ.P 9(h)).

That "hybrid" selection thrusts him into murky legal waters because most plaintiffs elect one or the other, and courts disagree about whether a plaintiff can "have his cake and eat it too." As is more fully discussed below, some courts have permitted both but only because a specific, jury-right preserving statutory (*e.g.*, Jones Act) claim is involved. Others aren't so particular. Because the Eleventh Circuit has not addressed the issue, the Court will pause to cite some general background:

> While, broadly speaking, there is no constitutional right to a jury trial in an admiralty action, the "savings to suitors" clause, 28 U.S.C. § 1333(1), reserves common law remedies to a plaintiff "in all cases where the common law is competent to give it." *Leon v. Galceran,* 78 U.S. (11 Wall) 185, 191, 20 L.Ed. 74 (1870). Ordinarily, a plaintiff signals its election of remedies by its choice of fora or by designating its jurisdictional choice pursuant to Fed.R.Civ.P. 9(h).

*Reliance Nat. Ins. Co. (Europe) Ltd. v. Hanover,* 222 F.Supp.2d 110, 114 (D.Mass. 2002); *see also Troutman v. Daybrook Fisheries, Inc.,* 2002 WL 318326 at * 1 (E.D.La.2002) (unpublished).

Most plaintiffs elect either a bench or jury trial. But Rule 9(h) does not state whether a plaintiff can elect both,[2] since it "serves only as a device by which the pleader may claim the special benefits of

---

**2.** In pertinent part Rule 9(h) provides that

[a] pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not.

admiralty procedures and remedies, including a nonjury trial, when the pleadings show that both admiralty and some other basis of federal jurisdiction exist." *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1252 (5th Cir.1975).

It thus does not speak to defendants' argument that, by electing to have his negligence claim against the vessel heard in *admiralty*, Miles neutralized the jury trial right that would otherwise accompany his corresponding election to have the same claim heard *at law*, against the vessel's owner, even though both arise out of the same set of facts.

And F.R.Civ.P. 38 addresses jury-trial rights/procedure, *see* Rule 38(a) ("Right Preserved"); 38(b) ("Demand"), but it does not definitively speak to this issue. Rule 38(e) simply notes that "[t]he unification of admiralty and civil rules in 1966 was intended to work no change in the general rule that admiralty claims are to be tried without a jury." *Romero*, 515 F.2d at 1252.

Nor does jurisdiction alone determine the issue. Ordinarily,

[t]he plaintiff's designation of jurisdiction in the complaint is the key factor in the availability of a jury trial. A maritime plaintiff may proceed with a jury on the "law side" of the court by citing the court's federal question jurisdiction or diversity jurisdiction. A party who elects not to file its action at law, but instead invokes admiralty jurisdiction under Rule 9(h) to proceed on the "admiralty side" of the federal court, is not entitled to a jury trial. [However, t]he Circuits differ with respect to whether a jury trial is permitted when the plaintiff asserts *both* admiralty jurisdiction pursuant to Rule 9(h) and diversity jurisdiction.

29 MOORE'S FED. PRAC. § 704.08[2] (emphasis added); *see also Hamilton v. Unicoolship, Ltd.*, 2002 WL 44139 at *2–3

(S.D.N.Y.2002) (unpublished) (collecting circuit-split cases).

Against this background, some courts have held that

[u]nder … [Rule] 9(h), a plaintiff with an admiralty case that also falls within a federal court's diversity jurisdiction may elect to proceed *either* in admiralty *or* at law. *Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 517 (7th Cir.1999); *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 664–65 (7th Cir.1998). "Numerous and important consequences flow" from such an election. *Wingerter*, 185 F.3d at 664 (quotation omitted). As relevant here, "a plaintiff that invokes admiralty jurisdiction is *not* entitled to a jury trial." *Id.* at 667; *see also Concordia Co. v. Panek*, 115 F.3d 67, 70–71 (1st Cir.1997); *Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir.1997).

*Pacific Tall Ships v. Kuehne & Nagel*, 2000 WL 283918 at * 1 (N.D.Ill.2000) (unpublished) (emphasis added); *see also Hamilton*, 2002 WL 44139 at * 3. Yet,

[t]he Ninth Circuit "find[s] nothing inherently incongruous about bringing an *in rem* and an *in personam* claim together before the jury when the claims arise out of a single occurrence." *Ghotra*, 113 F.3d at 1057. The plaintiff in *Ghotra* brought negligence claims against the ship's owner and charter, which were *in personam* maritime claims, under diversity jurisdiction, as well as an *in rem* claim against the ship. *Id.* at 1055. The Ninth Circuit held that "the non-jury component of admiralty jurisdiction must give way to the seventh amendment." *Id.* at 1057 (*quoting Wilmington Trust v. United States Dist. Ct.*, 934 F.2d 1026, 1031 (9th Cir.1991)). The Ninth Circuit saw no reason to penalize the plaintiffs for bringing a single action, thus conserving judicial re-

sources, rather than two separate actions which could have been combined under Federal Rule of Civil Procedure 42(a). *Id.* at 1057.

*Hamilton,* 2002 WL 44139 at * 3.

Complicating this area of law further are variables not in play here. For example, because the Jones Act independently (hence, *statutorily*) provides seamen with jury trial rights, a claim based on that statute alone has led courts to conclude that a jury trial right exists in hybrid, law/admiralty cases. *See Fitzgerald v. United States Lines Co.,* 374 U.S. 16, 21, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); *see also* The Great Lakes Act, 28 U.S.C. § 1873 (jury trial granted for claims which had previously been tried to the court in admiralty). Neither statute is involved in this case, but many of the cases the parties cite turn on the Jones Act. This "statutory difference" sometimes gets lost in lawyers' briefs, and even in some court opinions. Attempting to inject some clarity in the matter, one source explains that

> [i]f the only basis for jurisdiction of a case is in admiralty, it will be tried by the court—except as the Great Lakes Act otherwise provides—regardless of how it is labeled. If jurisdiction alternatively can be based on a federal question, or on diversity and the necessary jurisdictional amount, either party may demand a jury trial, *unless* the plaintiff has chosen to identify the claim as an admiralty or a maritime claim, as permitted by Rule 9(h). If the plaintiff exercises that option ordinarily, there will be *no* jury trial. However, nothing in Rule 38(e) or the other rules prohibits a trial by jury *on joined* civil and admiralty claims, and the *Fitzgerald* princi-

ple [3] may be applied to provide for jury trial of *all* claims in the case.

9 FED. PRAC. & PROC. CIV.2D § 2315 at 121–22 (footnotes omitted; footnote and emphasis added); *see also Haskins v. Point Towing Co.,* 395 F.2d 737, 739–40 (3d Cir. 1968). Miles cannot be said to have "joined" *separate and distinct* civil and admiralty claims in the sense employed in the above passage; rather, he's brought one tort (common law, not statutory) claim against two legally distinct parties (the vessel and its owner). Under the above rationale, his Rule 9(h) election extinguishes his jury-trial right against the vessel's owner.

But that rationale comes from a legal resource, not the Eleventh Circuit. Yet, that court has not directly ruled on this issue. In *Romero,* the old Fifth Circuit foreshadowed a possible future ruling here. There the plaintiff likewise alleged both admiralty and diversity jurisdiction, *id.* at 1251, then claimed to have withdrawn his Rule 9(h) invocation. 515 F.2d at 1252.

Romero's withdrawal, however, was not supported by the record, which led to confusion among the parties. *Id.* Consequently, the district judge refused to impanel a jury, *id.,* and the appellate court found an abuse of discretion on that score. *Id.* at 1252–53. It did state, nevertheless, that even

> [i]f both claims were in fact made in accordance with Rule 9(h), we would follow the authorities that hold that the existence of diversity as an alternative basis of jurisdiction will *not* entitle the plaintiff to a jury trial.... Likewise, even were we to concede that the appellant had alleged both an admiralty ac-

---

**3.** That is, where a Jones Act (at-law) claim is joined with an admiralty claim (for unseaworthiness and maintenance and cure), "only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments." *Fitzgerald,* 374 U.S. at 21, 83 S.Ct. 1646.

tion and a civil action based upon diversity, we would not reverse the district judge's decision to try the case without a jury[, because Romero had not withdrawn his Rule 9(h) claim].

*Id.* (emphasis added).

The "authorities" on which the *Romero* court relied to reach that result began with *this* Court's decision in *Anderson v. American Oil Co. of Baltimore, Md.*, 60 F.R.D. 676, 678 (S.D.Ga.1973). *Anderson*, in turn, relied on other cases string-cited by the *Romero* panel:

> Admiralty jurisdiction is not exclusive where the action is in personam. If diversity of citizenship and proper jurisdictional amount exist, suit on a maritime claim may be brought at law in the federal courts with the right to a jury trial. *Johnson v. Venezuelan Line Steamship Company*, 314 F.Supp. 1403, 1405–1406 (E.D.La.1970); 7A Moore's Federal Practice And Procedure § 59[3]; 2 C.J.S. *Admiralty* § 216, p. 340.

*Anderson*, 60 F.R.D. at 678. However, the *Anderson* plaintiff "expressly identified the claim as one brought under the admiralty and maritime jurisdiction[,]" *id.*, so the Court held that, "[u]nder Rule 9(h) in the present state of the pleadings[,] the right to a jury trial is precluded." *Id.* In other words,

> [w]here the plaintiff in a maritime tort case bases jurisdiction both on admiralty and diversity grounds but identifies the claim as one in admiralty under Rule 9(h) his demand for a jury will be stricken. *Americana of Puerto Rico, Inc. v. Transocean Tankers Corp.*, 317 F.Supp. 798, 1970 A.M.C. 422.

*Id.* This reasoning comported with what was then and now remains black letter law (*i.e.*, a straight-up Rule 9(h) "admiralty" election precludes proceeding "at law"). Under *Anderson*, then, "[w]here the plaintiff in a maritime tort case bases jurisdic-

tion both on admiralty and diversity grounds but identifies the claim as one in admiralty under Rule 9(h)[,] his demand for a jury will be stricken." 60 F.R.D. at 678; *see also* 2 Am.Jur.2d *Admiralty* § 259 ("[i]f the plaintiff makes an election/identification of his claim as an admiralty claim, neither the plaintiff nor the defendant may have a jury trial, even if the plaintiff alleges jurisdiction based on both diversity and admiralty") (footnotes omitted).

In *Anderson*, though, the plaintiff did not try to "have his cake and eat it too." And one research source concludes that "the designation of a maritime claim does not prevent a party from requesting a jury trial on a *separate* claim at law." 2 Am. Jur.2d *Admiralty* § 259 (emphasis added). Here plaintiff raises no *separate* claim at law, only the same claim as he advances under Rule 9(h). Doc. # 4.

The other cases on which *Romero* relied include a companion case to *Anderson*. There Judge Lawrence noted that a plaintiff had amended his Complaint but did

> not withdraw the original admiralty basis of jurisdiction of this Court. [The amendment] merely add[ed] diversity as another ground thereof. The language is "That further jurisdiction is based on diversity of citizenship ...." (italics added). We thus have the identical situation existing in [*Americana of Puerto Rico v. Transocean Tankers Corporation*, 317 F.Supp. 798 (D.P.R.1969) ],—a reliance on both admiralty and diversity jurisdiction and 9(h) election. In such a case the demand for a jury trial must be stricken. *See also* in this connection 9 Federal Practice And Procedure, Wright and Miller, § 2315.

*Williams v. Shipping Corp. of India, Ltd.*, 354 F.Supp. 626, 629–30 (S.D.Ga.1973).

Finally, *Romero* relied upon *Alaska Barite Co. v. Freighters, Inc.*, 54 F.R.D. 192, 195 (N.D.Cal.1972) (where plaintiff

brought suit for breach of an alleged contract of affreightment, and defendant filed counterclaim charging plaintiff with violation of antitrust laws, the court would not adopt a suggested procedure whereby plaintiff's claim would be tried before court while defendant's claims were being tried before jury, as this procedure would make trial unwieldy and would potentially be confusing to both triers of fact), which is distinguishable in that a *defendant's* counterclaim posed the jury-trial issue, and not, as is the case here, the plaintiff himself. *See id.* at 195.

On balance, there is considerable force to the argument urged by defendants here. *Romero's* dicta, incidentally, was accepted in *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063 (5th Cir.1981), which ultimately held that plaintiff Powell had no right to a jury trial in his negligence/unseaworthiness action against a vessel, its owner and its charterer. Powell plied both a Rule 9(h) designation and a jury-trial request. *Id.* at 1064. In passing on Powell's attempt to maneuver around the presence of a non-diverse defendant by asserting admiralty jurisdiction against it, 644 F.2d at 1064–71, the panel paused to cite *Romero* and *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968 (5th Cir. 1978), concluding that no jury trial right exists on a claim that is Rule 9(h)-designated under admiralty jurisdiction. *Powell*, 644 F.2d at 1064. Admittedly, *Powell*'s conclusion likewise was dicta, in that it was not necessary to support its ultimate ruling.

But still another Fifth Circuit panel—also citing *Romero*—likewise concluded that "[t]here is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction exists as well." *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir.

1983); *accord Durden v. Exxon Corp.*, 803 F.2d 845, 848–50 (5th Cir.1986). These post–9/30/81 opinions, of course, are not binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1206 (11th Cir.1981).

While emphasizing that point, Miles cites to *Ghotra* and its "fellow traveler" cases. Doc. # 13 at 4–5. But this Court disagrees with the *Ghotra* court's reasoning. Again, that court found

> nothing inherently incongruous about bringing an *in rem* and an *in personam* claim together before the jury when the claims arise out of a single occurrence. Although the right to jury trial in the instant case derives from the savings to suitors clause rather than a statutory grant such as the Jones Act, the reasoning of *Fitzgerald* is equally persuasive and justifies a jury trial over all four claims, where the *in rem* claim arises out of the same factual circumstances as the other three claims.

113 F.3d at 1057. The Ninth Circuit rejected several arguments against this result:

> Contrary to the Vessel Interests' argument, such a holding would not "completely eliminate the election required under F.R.C.P. Rule 9(h)" or "nullify F.R.C.P. Rule 38(e) in all maritime cases in which a separate basis for subject matter jurisdiction could be articulated." Appellee's Brief at 21–22. In light of the fact that the Ghotras could have brought two separate actions, one consisting of the *in personam* claims brought under diversity and one consisting solely of the *in rem* claim, which could then have been consolidated into one action under Federal Rule of Civil Procedure 42(a), we find no reason to penalize the Ghotras by ruling that the decision to combine the two into one single action constituted an election to

proceed in admiralty alone without the right to jury trial. Such a holding would run contrary to the intent of the Federal Rules of Civil Procedure and result in a waste of judicial resources and duplication of testimony in parallel actions.

113 F.3d at 1057–58.

*Ghotra's* reasoning is flawed in several respects. The authority to consolidate cases under Rule 42(a) does not expressly or by implication create jury trial rights over *in rem* claims by trying them, with *in personam* claims, to a jury. Nothing in that rule's text or Committee Notes supports that result.

More importantly, *Fitzgerald* relied on a specific *statutory* grant of a jury trial right—not present in *Ghotra* nor here—to justify the judicial efficiency of sending legal and equitable claims to a jury. Nor did *Ghotra* acknowledge the procedural advantages a plaintiff like Miles can exploit when allowed to advance the same claim at law and in admiralty. By electing to proceed in admiralty under Rule 9(h), for example, a plaintiff in this circuit may preclude a defendant from invoking the right to trial by jury. *Harrison,* 577 F.2d at 987–88; *compare Ingram River Equip., Inc. v. Pott Indus., Inc.,* 816 F.2d 1231, 1235 (8th Cir.1987) (defendant can, if it acts timely, request a jury trial on plaintiff's State-law claim).

Furthermore, the plaintiff in *Fitzgerald* did *not* assert an *in rem* claim against the vessel, 374 U.S. at 17, 83 S.Ct. 1646, in contrast to the case here. *Fitzgerald's* holding is thus properly limited to *in personam* admiralty claims combined with a Jones Act claim or a similar, jury-right granting, statutory claim. *Id.* at 21, 83 S.Ct. 1646 (expressly noting that "Congress in the Jones Act has *declared* that the negligence part of the claim shall be tried to a jury....") (emphasis added).

Indeed, "[t]he Supreme Court has never held that an *in rem* claim, when combined with other jury-triable claims, may ever be decided by a jury." L. Armstrong, *Holy Moses, Ghotra! In Rem-embrance of Admiralty's Bench Trial Holy Moses,* 14 U.S.F.Mar.L.J. 77, 105 (2002). *Ghotra* thus stretches *Fitzgerald* beyond its stated scope to disturb a long-settled, finely balanced admiralty/at-law regime.

Note, in that vein, that Jones Act claims pack specific remedies/protections that many other common and State-law claims do not (*e.g.,* "a Jones Act claim ... is not subject to removal to federal court even in the event of diversity of the parties[,]" *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 455, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001)). This underscores the exceptional treatment the *Fitzgerald* granted, and further distinguishes it from "plain vanilla" common law claims such as that raised here. It is of course true that judicial economy may be achieved by marching with *Ghotra* here, but that's a choice Congress—not the courts—should make.

In a limited sense Miles agrees—again, he does not ask for a jury trial on his *in rem* claim. Rather, he primarily wants a jury trial on his negligence/at-law claim, and a bench trial on the same claim but repackaged as a negligence/admiralty claim. Miles evidently thus recognizes that he lacks a statutory anchor such as the Jones Act (as seen in *Fitzgerald*). The *Fitzgerald* anchor was comprised of *in personam* (maintenance and cure and unseaworthiness arising under admiralty jurisdiction) and *statutory* (Jones Act) claims. Miles advances only an *in personam/in rem* common law claim here. The difference was recently analyzed in a comprehensive treatment of "hybrid-case" jury trial rights:

> [T]he Court's opinion in *Fitzgerald* should be interpreted as follows: where a statute provides for a jury trial on a

claim, *in personam* admiralty claims arising out of the same set of operative facts may be joined with that claim *and* submitted to a jury to the extent that joining the claims does *not* avail the plaintiff of the special procedures available in admiralty, specifically those provided in the Supplemental Rules. Until the Supreme Court or Congress specifically provide otherwise, a more expansive interpretation of *Fitzgerald* conflicts with the Court's previous decisions and with the intent and clear language of the Federal Rules.

*Holy Moses,* 14 U.S.F.Mar. L.J. at 126.

Miles basically is asking this Court, rather than Congress, to expand *Fitzgerald* to authorize jury trial rights inhering in an at-law claim that he's simultaneously Rule–9(h) selected for admiralty (bench trial) treatment. Yet, he shows this Court no convincing authority allowing him to, on the one hand, reap the advantages of proceeding *in rem* (attaching vessels, etc., under admiralty's Supplemental Rules) and impose disadvantages upon the defendants (*e.g.,* increased economic costs to bond-posting vessel owners and lien holders, including longer run-up times for jury versus bench trials, etc.), and on the other retain at-law advantages (*e.g.,* a jury trial is typically more costly in time and money to litigate, thus according such plaintiffs additional settlement leverage, etc.).

So broad-sweeping a policy choice, with all of its attendant consequences, is for a legislative body, not a judge, to make.[4] That is why

[a]ny interpretation of Rule 9(h) that allows the special admiralty procedures to be combined with a jury trial defeats the purpose of the election required by Rule 9(h). The rule provides that the plaintiff may choose to invoke admiralty jurisdiction or one of the other statutory grants of jurisdiction if the plaintiff meets the requirements, *but he cannot have the benefits of both.* Under the Rules Enabling Act of 1934 and Rule 1, the Federal Rules, including Rule 9(h), govern the proceedings in all federal district courts. Therefore, courts are bound to follow Rule 9(h), and any decision allowing a plaintiff to use the special admiralty procedures and then have a jury decide that claim is inconsistent with Rule 9(h) and renders the election meaningless.

*Holy Moses,* 14 U.S.F.Mar.L.J. at 99 (emphasis added).

Choosing to proceed in admiralty, then, accords Miles special admiralty procedures and remedies (vessel-arrest, garnishment, attachment, bond, other Supplemental Rule-based, equitable remedies), as well as a bench trial. Simultaneously proceeding with the same claim at law rightly should strip him of those rights/remedies, at least when, absent statutory authorization, he uses the same claim to invoke both regimes. Because Miles has already reaped the "admiralty" advantages on his negligence claim, *see, e.g.,* doc. # 3 (vessel arrest), he cannot now invoke the "at-law" side of this Court to obtain a jury trial on it.

*Holy Moses,* 14 U.S.F.Mar.L.J. at 90 (noting that, under 28 U.S.C. § 1873, Congress extended admiralty jurisdiction to include the Great Lakes *and* provided for a jury trial right, if requested, on *in rem* claims); 28 U.S.C. § 1333(1) (Congress included a "savings to suitors" clause to authorize limited jury-trial rights).

---

**4.** Even though judges have resolved admiralty claims for some seven centuries, *id.* at 79, Congress is the proper branch for fundamentally altering such a long-settled scheme. *See Romero v. International Terminal Operating Co.,* 358 U.S. 354, 360–61, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) (Article III empowers Congress to revise and supplement maritime law within constitutional limits); *see also*

## III. *CONCLUSION*

Accordingly, defendants' motions (doc. ## 11, 17) to strike plaintiff's jury demand are **GRANTED**. The parties and the Clerk shall comply with the caption-amendment described in note 1 *supra*.